# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv256

| | |
|---|---|
| CLAUDE HENSLEY and wife, PATRICIA HENSLEY, <br><br> Plaintiffs, <br><br> Vs. <br><br> BILL FULLER; and DANIEL HENSLEY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **ORDER** |

**THIS MATTER** is before the court on Sarah R. Shults' Motion for Admission Pro Hac Vice. Ms. Shults seeks special admission and has shown to the satisfaction of this court that she is a member in good standing with the bar of the United States Court for the Eastern District of Tennessee, that she has approximately 13 years of federal practice experience, and that the issue now before the court is a procedural one, i.e., whether this action was properly removed from a state court in Tennessee to a federal court in North Carolina. Having considered Sarah R. Shults' motion, and finding that the issue now before the court would not justify requiring double employment, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) Sarah R. Shults' Motion for Admission Pro Hac Vice (#2) is **GRANTED,** and Sarah R. Shults' is specially admitted to practice before the bar of this court in this particular case;

(2) Ms. Shults should immediately contact the Clerk of this court at (828) 771-7200 and inquire as to the CM/ECF requirement for out-of-state counsel and

email requirements, as well as make arrangements for payment of the special admission fee of $100, if she has not done so already;

(3) Counsel for defendants are advised that the copy of the state court Complaint filed with this court as attachment #1 to the Notice of Removal (docket entry #1) appears to be incomplete;

(4) plaintiffs' Motion to File Attached Motion to Remand (#4) is **ALLOWED**, and the Clerk of this court is instructed to amend the filing date on pleading #4 to reflect filing of that motion as of the date of this Order;

(5) counsel for defendants is advised that defendants' response to such motion is due 17 days from entry of this Order; and

(6) while the issue is still open, respective counsel are advised that if in fact this action was directly removed from a Tennessee state court to this North Carolina federal court as alleged in such motion (and as is clear from the face of the Notice of Removal), the parties are strongly encouraged to avoid further costs, expenses, and delay by discussing an expeditious manner for handling remand in light of the clear requirements of 28 U.S.C. § 1441(a). The parties are advised that cooperation by either side after improper removal is discovered is a factor in this court's statutory, but discretionary, award of costs and fees upon remand under Section 1447(c).

Signed: September 26, 2006

Dennis L. Howell
United States Magistrate Judge