# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv256

| | |
|---|---|
| CLAUDE HENSLEY and wife, PATRICIA HENSLEY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| Vs. | )     ORDER OF REMAND |
| BILL FULLER; and DANIEL HENSLEY, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on plaintiffs' Motion to Remand to Tennessee State Court (#4). By order dated September 26, 2006, counsel for defendants was advised that its response to plaintiffs' motion was due to be filed within 17 days of entry of such order, making defendants' response due not later than October 13, 2006. No response has been filed.

For cause, plaintiffs have shown this court that defendants improperly removed this action to the Western District of North Carolina from a state court in Tennessee. Such interstate removal clearly violates the 28, United States Code, Section 1441(a), which provides in relevant part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, **to the district court of the United States for the district and division embracing the place where such action is pending**.

28 U.S.C. 1441(a). In this case the district embracing "the place where such action is pending" is the Eastern District of Tennessee. It appearing that action was improperly removed as a matter of law, plaintiffs' motion will be allowed.

As provided in the previous Order, this court may award costs and fees upon remand

under Section 1447(c). " An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). Counsel for defendants was encouraged to avoid such costs by attempting to resolve the pending motion amicably with opposing counsel, advice that was apparently not taken. While this court does not have before it a petition for attorney's fees, it does have before it at least some of plaintiffs' cost directly attributable to the improper removal, i.e., plaintiffs' counsel's payment of the $100.00 special admission fee. In remanding this action, counsel for defendants will be required to pay such cost directly to counsel for plaintiffs.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Remand to Tennessee State Court (#4) is **ALLOWED**, and

(1) in accordance with 28, United States Code, Section 1447(c), this action is **REMANDED** to the Circuit Court of Unicoi County, Tennessee, for disposition; and

(2) counsel for defendants shall pay within 10 days to counsel for plaintiffs $100.00 in actual costs.

**The Clerk of this court is respectfully instructed to not certify this Order of Remand for 10 days from receipt of such Order by respective counsel (presumptively 3 days from filing) to allow time for the filing and service objections, if any, to this Order. Fed.R.Civ.P. 72(a). <u>Wyatt v. Walt Disney World, Co.</u>, 5:97cv116-V (W.D.N.C. 1999).**

Signed: October 25, 2006

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge